UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATHANIEL WARD-EL, | Case No. 15-10238 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| JAMES LUCKEY, *et al.*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 9)**
**AND PLAINTIFF'S MOTION TO DISMISS (Dkt. 17)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights action on January 21, 2015. (Dkt. 1). Defendants[1] filed their motion for summary judgment on March 23, 2015. (Dkt. 9). Plaintiff filed his response on April 27, 2015. (Dkt. 18). This matter was referred to Magistrate Judge Michael Hluchaniuk on February 10, 2015 for all pretrial proceedings. (Dkt. 7). Plaintiff filed a motion to dismiss Lacey O'Connor as a defendant from this lawsuit. (Dkt. 17). Defendants filed a response on June 8, 2015, indicating that they did not object to plaintiff's motion. (Dkt. 21). On

---

[1] Defendant Penny Landrum was never served with the complaint in this case. However, the conclusions reached in this report and recommendation apply equally to the claims made against her. Thus, the complaint should be dismissed in its entirety, including the claims made against defendant Landrum.

January 5, 2016, this matter was reassigned to the undersigned magistrate judge. (*See* Text Only Order dated January 5, 2016). On January 29, 2016, District Judge Thomas L. Ludington referred this matter to the undersigned for all pretrial proceedings. (Dkt. 22).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and that plaintiff's motion to dismiss be **DENIED** as moot.

## II.     FACTUAL BACKGROUND

Plaintiff's complaint is filed under 42 U.S.C. §§ 1983, 1985, 1986 and protests infringement of his civil rights, alleging violations of the First Amendment of the United States Constitution. At the time giving rise to the allegations in his Complaint, plaintiff was incarcerated at the Cooper Street Correctional Facility (JCS) in Jackson, Michigan. Defendants, Library Technician James Luckey, Prison Counselor Lacey O'Connor, Deputy Warden Will Riley, and Corrections Program Coordinator Mashawn Campbell are employees at JCS.

In his complaint, plaintiff alleges that on August 17, 2012, Library Technician Luckey issued him a false Class II misconduct violation for Out of Place in retaliation for plaintiff filing a grievance against C/O Campbell on July 6, 2012. Plaintiff also alleges that the remaining defendants conspired and

transferred him on December 3, 2012 in retaliation for a grievance he filed against Library Technician Luckey on August 20, 2012. Plaintiff sues all defendants in their individual and official capacities seeking $300,000 in compensatory and $100,000 in punitive damages.

## III. DISCUSSION

### A. Legal Standards

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "Congress

3

has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998) (No federal action shall be brought until such administrative remedies as are available are exhausted). In other words, a prisoner may not exhaust administrative remedies during the pendency of the federal lawsuit. *Larkins v. Wilkinson*, 1998 WL 898870, at *2 (6th Cir. Dec. 7, 1998).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id.* Accordingly, exhaustion is satisfied if plaintiff complied with the applicable grievance procedures and defendants bear the burden of showing otherwise. *See Kramer v. Wilkinson*, 226 Fed. Appx. 461, 462 (6th Cir. 2007) (a prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

Here, defendants have moved for summary judgment on the issue of whether plaintiff failed to exhaust his administrative remedies under the PLRA. However, as previously stated by a court in this district, summary judgment seems

4

an inappropriate vehicle for adjudication because there is no determination on the merits of the case, and no "judgment" is entered. *See Neal v. Raddatz*, 2012 WL 488827, at *2 (E.D. Mich. Jan. 12, 2012). Instead, a number of courts have characterized a request to dismiss for failure to exhaust administrative remedies as "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Id.* (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *see also Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) ("finding that while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies . . . is an unenumerated 12(b) motion. . . ."). Based on the above, the *Raddatz* court determined that regardless of whether the motion is treated as one for summary judgment or as an unenumerated 12(b) motion, the result is the same. (*Id*. at 3). If the court grants the motion, the dismissal will be without prejudice and it will not count as a strike under 28 U.S.C. § 1915(g). (*Id.*) The court concluded, however, that the latter approach, adjudicating the motion as

an unenumerated motion under 12(b) was more consistent with the "true nature of the motion."[2] (*Id.*)

    C.    <u>Analysis and Conclusions</u>

Plaintiff was issued a misconduct ticket on August 17, 2012. (Dkt. 18-1, Pg ID 269). According to the ticket report, plaintiff was scheduled for law library access on that date and failed to show on time. According to the hearing report, plaintiff claimed he was late for his call out because his unit was locked down. When his unit was opened, he was called for chow and reported to chow. He arrived at his call out and was turned away for being late. (Dkt. 18-1, Pg ID 270). Plaintiff was found not guilty because Officer Baynes had authorized him to be late for call out due to the lock down and so that plaintiff could have his lunch meal. *Id*.

Defendants argue that plaintiff failed to claim retaliation at his misconduct hearing and, therefore, he has failed to exhaust his administrative remedies. *Siggers v. Campbell* established that a prisoner must argue that his receipt of a misconduct ticket was based on conspiracy or retaliation during the first misconduct hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-694 (6th Cir. 2011). Otherwise, the prisoner is precluded from using such a claim as a basis to request a

---

[2] The court also noted that there was no reason that the motion could not simply be designated as a "motion to dismiss pursuant to 28 U.S.C. § 1997e(a)."

rehearing. *Id*. at 693-94.[3] Defendants contend that the administrative record of the hearing provides no proof that plaintiff raised retaliation as an issue. Thus, defendants argue that plaintiff failed to exhaust his administrative remedies, and that plaintiff's claims should be dismissed.

In response, plaintiff explains that he tried to use the three step grievance process to assert his retaliation claim. Plaintiff identifies three grievances in his response which he asserts relate to the retaliation claim in the complaint. The first is JCS-1207-647-14c, which was submitted at Step I on July 10, 2012. (Dkt. 18, Pg ID 218). In this grievance, plaintiff says that he had a call-out on July 6, 2012 for the law library, but when he went to the law library, he was told that he did not get the time he requested because the library was already full at that time. Apparently, plaintiff was told that if he did not show up at the time of his appointment, he would receive an out-of-place ticket; however, the time scheduled was at the same time as his yard privilege. This grievance was resolved at Step I,

---

[3] Other, unpublished decisions appear to be contrary. *See e.g.*, *Ragland v. City of St. Louis*, 2012 WL 511827, *4 (E.D. Mich. 2012) ("[W]hile it is true that Plaintiff cannot grieve the decision of an administrative hearing officer, his Complaint allegation is that the underlying misconduct charge—not the hearing officer's decision—was retaliatory. Plaintiff could have and was, therefore, required to grieve the alleged retaliatory misconduct charge.") (footnote omitted), citing *Boyd v. Ray*, 19 Fed.Appx. 209, 2001 WL 1042261 (6th Cir. 2001) (where the plaintiff's claim did not involve the administrative hearing officer's decision but rather an allegation that the underlying misconduct charge was false, he was required to exhaust his administrative remedies). Notably, the Sixth Circuit somewhat recently affirmed a decision where this Court determined that a prisoner failed to exhaust a retaliation claim by failing to raise the issue during the misconduct ticket hearing process. *Carr v. Booker*, 2014 WL 409026 (E.D. Mich. Feb. 3, 2014), affirmed *Carr v. Booker*, Case No. 14-1258 (6th Cir. Dec. 4, 2014).

as alternate times for the law library were discussed, plaintiff would submit his request to Mr. Luckey for additional alternative times for call-out and plaintiff was willing to work out issues with staff. *Id*. The undersigned fails to see how any aspect of this grievance, which was resolved at Step I, is linked to the retaliation claim or could be deemed to have exhausted the retaliation claim. Also, quite notably, this grievance was filed *before* plaintiff was issued a misconduct ticket.

On July 10, 2012, plaintiff also submitted grievance JCS-1207-643-17e. (Dkt. 18, Pg ID 225; *see also*, Dkt. 9-4, Pg ID 108-117). In this grievance, plaintiff says that he was walking in the school building, and going to the law library call out and staff member Campbell refused to take his pass/itinerary at that time. Plaintiff said the staff member failed to follow the rules and talked to plaintiff in a derogatory manner. Plaintiff's grievance was denied. (Dkt. 18, Pg ID 231-232). Again, the undersigned fails to see how any aspect of this grievance is linked to the retaliation claim or could be deemed to have exhausted the retaliation claim. And, this grievance too was filed before plaintiff received his misconduct ticket.

On September 6, 2012, plaintiff submitted grievance JCS-1209-891-27a. (Dkt. 18, Pg ID 219; *see also*, Dkt. 9-4, Pg ID 102-107). That grievance related to a misconduct ticket issued by Luckey to plaintiff for being out of place. Plaintiff says that Luckey falsified documents and retaliated against plaintiff for the

grievance filed earlier. The grievance was rejected because it was deemed related to a non-grievable issue; that is, the misconduct ticket. (Dkt. 18, Pg ID 223).

Plaintiff contends that he did not exhaust the retaliation claim during the hearing process because the ticket was resolved in his favor. He says he explained in Step II of JCS 1209-891-27a that his grievance was not regarding the ticket because there was no ticket available to appeal. (Dkt. 18, Pg ID 222). However, it is clear to the undersigned that plaintiff was, in fact, seeking to grieve the misconduct ticket, since it is the "false document" identified in his grievance. While it is true that plaintiff could not further appeal the misconduct ticket because it was dismissed, plaintiff missed the point. Under *Siggers v. Campbell*, plaintiff was required to raise the issue of *retaliation at the hearing* on the misconduct ticket. There is nothing in this record suggesting that the issue was raised at that time and plaintiff does not claim that he did so. Further, plaintiff does not suggest that he was unaware of the alleged retaliatory nature of the ticket at the time of the hearing. Indeed, his earlier grievance against Luckey suggests that he was anticipating the receipt of such a ticket. Thus, it is apparent that plaintiff believed that the misconduct charge was retaliatory before the hearing. Yet, he failed to raise the issue at the hearing, rendering his excuse for not complying with this step in the exhaustion process to be without a factual basis or

merit.[4] Therefore, under *Siggers v. Campbell*, *supra*, his claim for retaliation was not properly exhausted.

## IV. RECOMMENDATION

In the view of the undersigned, defendants' motion for summary judgment should be **GRANTED** because plaintiff failed to exhaust any of his claims and his complaint should be **DISMISSED** without prejudice. Plaintiff's motion to dismiss should be **DENIED** as moot. Given the foregoing conclusions, the remaining arguments for summary judgment posited by defendants need not be addressed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

---

[4] Plaintiff identifies additional retaliatory conduct in his complaint, including that he was fired from his job, lost his status as a unit block representative, and was transferred to another facility based on the complaints filed. (Dkt. 1). However, as described in detail above, there is no evidence that any of these acts of retaliation were ever the subjective of any grievance, let alone a fully exhausted grievance.

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 10, 2016                                s/Stephanie Dawkins Davis
                                                                           Stephanie Dawkins Davis
                                                                           United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Nathaniel Ward-El, #240660, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

                                                              s/Tammy Hallwood
                                                              Case Manager
                                                              (810) 341-7887
                                                              tammy_hallwood@mied.uscourts.gov